UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BURRILLVILLE SCHOOL DEPARTMENT )
Plaintiff, ) [redacted] 05 105 L
v. ) C.A.NO. 05-
W.B., a minor, by and through his natural parents and next friends, Mr. & Mrs. B. )
Defendant )

**VERIFIED COMPLAINT AND APPLICATION FOR RESTRAINING ORDER**

NOW COMES Plaintiff Burrillville School Department (hereinafter "Plaintiff"), by and through its attorneys, and for its cause of action against Defendant W.B., a minor (hereinafter "W.B."), by and through his natural parents and next friends, Mr. And Mrs. B. (Hereinafter collectively "Parent") alleges and states as follows:

1. Plaintiff is a school district established by the laws of the State of Rhode Island, which operates public schools within Burrillville, Rhode Island. Plaintiff's principal place of business is located in Burrillville, Rhode Island.
2. W.B. is a minor who attends Burrillville Middle School.
3. Parent is W.B.'s natural mother, father, and guardians and accordingly, may sue or be sued on his behalf.
4. Parent is a resident of Burrillville, Rhode Island.

5. This Court has jurisdiction over the subject matter hereof, jurisdiction over the parties hereto, and venue is properly laid in this Court pursuant to 28 U.S.C. §1331 and the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §1415.

6. This is an action for a temporary restraining order and preliminary injunction pursuant to 20 U.S.C. §1400 *et seq.* This action is brought pursuant to a specific cause of action created by Congress in the IDEA, governed by a standard set forth by the Supreme Court in Honig v. Doe, 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) rather than Fed. R. Civ. P. 65.

7. W.B. is a student currently attending the Burrillville Middle School.

8. W.B. is entitled to special education services under the IDEA and currently has an Individualized Education Plan ("IEP").

9. W.B. has been diagnosed as having generalized anxiety, verbal processing issues, and oppositional defiant disorder.

10. In addition to other accommodations and modifications, W.B. is currently operating on a behavioral plan that, in part, consists of adult escorts through the halls during transition periods, individualized lunch accommodations, and counseling services. A "reward" system is also in place.

11. On March 2, 2005 , W.B. threatened serious bodily harm to the Assistant Principal of the Burrillville Middle School.

12. The Middle School Assistant Principal has filed a report with the Burrillvile Police regarding the incident.

13. In accordance with federal and state law and regulation, a manifestation determination was conducted on Friday, March 4, 2005.

14. As of the Manifestation Determination, W.B. had been suspended 10 days (cumulative) for the current school year. The Manifestation Determination took place on the 11th day.

15. At said Manifestation Determination, the team decided that W.B.'s behavior was a manifestation of his disability.

16. Therefore, pursuant to federal and state law, W.B. should be returned to Burrillville Middle School forthwith.

17. However, the Plaintiff asserts that W.B.'s return to school will create a significant likelihood of injury to W.B. or other students and/or staff.

18. As set forth in the accompanying Affidavits, W.B. has threatened harm to himself in the past.

19. As set forth in the accompanying Affidavits, W.B. has told school officials that he has access to "guns" at home and will use them.

20. As set forth in the accompanying Affidavits, W.B. has run away from hall escorts, causing violence, disruption, and harm to self.

21. As set forth in the accompanying Affidavits, W.B. has threatened other staff in the past.

22. The Plaintiff has or will be filing a Request for an Expedited Due Process Hearing pursuant to the Rhode Island Board of Regents Regulations Governing the Education of Children with Disabilities (300.525, 300.528).

23. Pursuant to said Regulations, a Hearing Officer shall render a decision within ten (10) days of said request (300.528).

24. W.B.'s attendance at school during this period of time will create a substantial threat to himself as well as other students and staff.

25. Although there is no adequate mechanism within the IDEA to allow Plaintiff to remove W.B. until the due process proceedings have been completed, federal law does recognize the school district's right to obtain a Honig injunction if the school district can demonstrate that allowing the student to remain in his current educational placement is substantially likely to result in injury to himself or others. *See Honig v. Doe, 484 U.S. 305,328 (1998).*

26. Based upon the above facts and the additional facts set forth in the affidavits filed herewith, Plaintiff believes that there is a substantial likelihood that W.B.'s return to Burrillville Middle School will result in injury to himself or others.

27. In addition, based on the Affidavits submitted and testimony to be presented (if required) Plaintiff has a likelihood of success on the merits. The Plaintiff, its employees and or its students may suffer irreparable harm if this injunction is not issued.

28. Plaintiff has a likelihood of success on the merits.

29. Plaintiff, its employees and / or its students may suffer irreparable harm if this injunction is not issued.

30. W.B. will suffer no harm if this injunction is issued. Plaintiff has offered to perform educational tutoring and provide any appropriate related services as set

forth in W.B.'s IEP while W.B. is removed from school.

31. The granting of an injunction in this instance will further the public interest of educating all children in a safe and appropriate environment.

WHEREFORE, Plaintiff respectfully requests that this Court enter:

(1) a temporary restraining order restraining and enjoining Defendant from coming within fifty (50) feet of Burrillville Middle School's premises, the premises of any other school in the Burrillville School District, or any school-sponsored activities until further order of the Court;

(2) a finding that no bond under Fed. R. Civ. P. 65(c) and Local Rule 38 be required for the issuance of a temporary restraining order;

(3) a temporary and permanent injunction to restrain and enjoin Defendant from coming within fifty (50) feet of Burrillville Middle School's premises, the premises of any other school in the Burrillville School District, or any school-sponsored activities until such time as the Due Process proceedings result in the issuance of a decision by a duly appointed Hearing Officer; and

(4) such other and further relief as the Court deems just and equitable.

Plaintiff,
By its attorney

Andrew Henneous, Esq. #5935
Brennan, Recupero, Cascione,
Scungio, & McAllister L.L.P.
362 Broadway
Providence, RI 02909
Ph: 401-453-2300 Fax: 401-453-2345

## VERIFICATION

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Barbara Von Villas, of lawful age, being first duly sworn, on oath, deposes and states: that she is the Acting Principal of the Burrillville Middle School and Superintendent of Schools for the Plaintiff in the above matter; that she is authorized to make this Verification on behalf of Plaintiff; that she has read the above and foregoing petition, knows and understands the content thereof, and states that the factual statements and allegations contained therein are true and correct according to her knowledge, information and belief.

Barbara A. Von Villas
Barbara Von Villas
Superintendent of Schools

Subscribed and sworn to before me, the undersigned authority, on this 7th day of March, 2005.

Kevin J. McAllister
Notary Public KEVIN J. McALLISTER
My Comm. Exp. 6/14/05