UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BURRILLVILLE SCHOOL DEPARTMENT<br><br>Plaintiff,<br><br>v.<br><br>W.B., a minor, by and through his natural parents and next friends, Mr. & Mrs. B.,<br><br>Defendant | ) | C.A.NO. 05- 105 L |

**MOTION FOR TEMPORAY RESTRAINING ORDER**

Now comes the Plaintiff, by and through its attorneys, and does hereby request the Court to issue a Temporary Restraining Order for the reasons set forth in the accompanying "Memorandum of Law in Support of Verified Complainti and Application for Restraining Order", and the Verified Complaint, including its attachments.

Plaintiff,
By its attorney

Andrew Henneous, Esq. #5935
Brennan, Recupero, Cascione,
Scungio, & McAllister L.L.P.
362 Broadway
Providence, RI 02909
Ph: 401-453-2300 Fax: 401-453-2345



3

Certification

The undersigned hereby certifies that a true and accurate copy of the above Motion for Temporary Restraining Order was delivered via facsimile only (401-331-7888) to Mary Ann Carroll, The Law Offices of Stephen M. Robinson, 155 South Main Street, Suite 402, Providence, RI 02903, on this _7th day of March, 2005.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BURRILLVILLE SCHOOL DEPARTMENT<br><br>Plaintiff,<br><br>v.<br><br>W.B., a minor, by and through his natural parents and next friends, Mr. & Mrs. B.,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 05 105 L<br><br>C.A.NO. 05- |

**<u>MEMORANDUM OF LAW IN SUPPORT OF VERIFIED COMPLAINT AND APPLICATION FOR RESTRAINING ORDER</u>**

<u>Facts / Travel</u>[1]

W.B. is a student currently attending the Burrillville Middle School. He is entitled to special education services under the IDEA and currently has an Individualized Education Plan ("IEP"). W.B. has been diagnosed as having generalized anxiety, verbal processing issues, and oppositional defiant disorder. On March 2, 2005 , W.B. threatened serious bodily harm to the Assistant Principal of the Burrillville Middle School. The Middle School Assistant Principal has filed a report with the Burrillville Police regarding the incident. As of the Manifestation Hearing to the Assistant Principal, W.B. had been suspended 10 days (cumulative) for the current school year.[2]

---

[1]In the interest of time, in addition to the facts set forth below, Plaintiff hereby incorporates by reference all allegations contained in the Verified Petition as well as all Affidavits filed.

[2]The Hearing actually took place on the 11th day. However, this one day extension was with the consent and agreement of Parent's attorney.

In accordance with federal and state law and regulation, a manifestation determination was conducted on Friday, March 4, 2005. At said Manifestation Determination, the team decided that W.B.'s behavior was a manifestation of his disability. Therefore, pursuant to federal and state law, W.B. should be returned to Burrillville Middle School forthwith. However, the Plaintiff asserts that W.B.'s return to school will create a significant likelihood of injury to W.B. or other students and/or staff.

The Plaintiff has or will be filing a Request for an Expedited Due Process Hearing pursuant to the Rhode Island Board of Regents Regulations Governing the Education of Children with Disabilities (300.525, 300.528). Pursuant to said Regulations, a Hearing Officer shall render a decision within ten (10) days of said request (300.528). W.B.'s attendance at school during this period of time will create a substantial threat to himself as well as other students and staff.

## Jurisdiction

This Court has jurisdiction over the subject matter hereof, jurisdiction over the parties hereto, and venue is properly laid in this Court pursuant to 28 U.S.C.§1331 and the Individuals with Disabilities Act ("IDEA") 20 U.S.C. 1415(i).

## Argument

This is an action for a temporary restraining order and preliminary injunction pursuant to the IDEA 20 U.S.C. §1400 *et seq*. This action is brought pursuant to a specific cause of action created by Congress in the IDEA, governed by a standard set

forth by the Supreme Court in Honig v. Doe, 484 U.S. 305, 108 S.Ct. 592 98 L.Ed.2d 686 (1988) rather than Fed. R. Civ. P. 65. Although there is no adequate mechanism within the IDEA to allow Plaintiff to remove W.B. until the due process proceedings have been completed, federal law does recognize the school district's right to obtain a Honig injunction if the school district can demonstrate that allowing the student to remain in his current educational placement is substantially likely to result in injury to himself or others. *See Honig v. Doe, 484 U.S. 305,328 (1998).*

Based upon the above facts and the additional facts set forth in the affidavits filed herewith, Plaintiff believes that there is a substantial likelihood that W.B.'s return to Burrillville Middle School will result in injury to himself or others. In addition, based on the Affidavits submitted and testimony to be presented (if required) Plaintiff has a likelihood of success on the merits. The Plaintiff, its employees and or its students may suffer irreparable harm if this injunction is not issued.

Conversely, W.B. will suffer no harm if the injunction is issued. Plaintiff has offered to perform educational tutoring and provide any appropriate related services as set forth in W.B.'s IEP while W.B. is removed from school. Further, should a Hearing Officer determine that the District should not have removed W.B. from school, the remedy would be compensatory services. "A child eligible for special education services under the IDEA may be entitled to further services, in compensation for past deprivations, even if his or her eligibility has expired." Maine School Administrative District No. 35 v. Mr. And Mrs. R., 321 F.3d 9, 17-18 (1st Cir. 2003). These compensatory services can be provided during school, after school, during vacations

and during the summer. In some cases, they can even be obtained after a student has reached the age of twenty-one (21). Id.

Finally, the granting of an injunction in this instance will clearly further the public interest of educating all children in a safe and appropriate environment.

Plaintiff,
By its attorney

Andrew Henneous, Esq. #5935
Brennan, Recupero, Cascione,
Scungio, & McAllister L.L.P.
362 Broadway
Providence, RI 02909
Ph: 401-453-2300 Fax: 401-453-2345

Certification

The undersigned hereby certifies that a true and accurate copy of the above Memorandum of Law was delivered via facsimile only (401-331-7888) to Mary Ann Carroll, The Law Offices of Stephen M. Robinson, 155 South Main Street, Suite 402, Providence, RI 02903, on this 7 day of March, 2005.