UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **BURRILVILLE SCHOOL DEPARTMENT** | : | |
| **Plaintiff** | : | |
| | : | **C.A. No. 05-**1051 |
| | : | |
| **W.B., a minor, by and through his natural parents and** | : | |
| **next friends, Mr. and Mrs. B.** | : | |
| **Defendant** | : | |

## OBJECTION TO APPLICATION FOR RESTRAINING ORDER

Now come the Defendants, and hereby object to the Plaintiff's Application for Restraining Order.

In support of this Objection, Defendants rely upon the Memorandum in Support of Their Objection to Plaintiff's Verified Complaint and Application for Restraining Order filed contemporaneously herewith.

Respectfully submitted,

Mary Ann Carroll #6664
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
March 7, 2005

Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
March 7, 2005

**CERTIFICATION**

I, the undersigned, hereby certify that on 3/7/05 I sent a true copy of the within by fax to all of the parties below:

Andrew Henneous, Esq.
Brennan, Recupero, Cascione,
Scungio, & McAllister L.L.P.
362 Broadway
Providence, RI 02909

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **BURRILLVILLE SCHOOL DEPARTMENT** | : | |
| **Plaintiff** | : | |
| | : | **C.A. No. 05-** 1051 |
| | : | |
| **W.B., a minor, by and through his natural parents and** | : | |
| **next friends, Mr. and Mrs. B.** | : | |
| **Defendant** | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO VERIFIED COMPLAINT AND APPLICATION FOR RESTRAINING ORDER**

## I. INTRODUCTION

This matter comes before this Honorable Court on the Verified Complaint and Application for Restraining Order of the Burrillville School Department. The Burrillville School Department seeks a restraining order in order to allow it to escape its educational obligations to Defendant W.B., a eighth-grade student at Burrillville Middle School. W.B. is 14 years old, and is entitled to special educational services under the IDEA and currently has an Individualized Education Plan ("IEP"). W.B. is diagnosed as having generalized anxiety, verbal processing issues, and oppositional defiant disorder. Prior to March 2, 2005, W.B. had been suspended for ten (10) days (cumulative) during the current school year. On or about March 2, 2005, W.B. was suspended again. The Burrillville School Department, in accordance with the IDEA, has held a Manifestation Hearing, and concluded that W.B.'s behavior was a manifestation of his disability. Under the IDEA, a student normally cannot be suspended in excess of ten (10) cumulative school days for conduct deemed a manifestation of that student's without working an impermissible change in placement. 20 U.S.C. § 1415.

Nevertheless, the Burrillville School Department is now attempting to obtain injunctive relief from this Court allowing it to remove W.B. from school until such time as an expedited due process hearing can be completed in accordance with state regulations. W.B. and his parents take the position that the Burrillville School Department cannot establish their entitlement to injunctive relief from this Court for the purposes of removing W.B. from school. It is true that this Court may award that type of relief, but only in those instances where the student's current placement is "substantially likely" to result in injury to other students, staff, or the student himself. *See* Honig v. Doe, 484 U.S. 305, 328 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988). Because W.B.'s misconduct falls far short of creating that substantial likelihood of injury, it naturally follows that the Burrillville School Department cannot be permitted to deprive W.B. of his education at this time, and the application for injunctive relief must fail.

## II. LEGAL ARGUMENT

The Plaintiff has failed to satisfy the rigorous demands placed upon those who would seek injunctive relief. Those who would have the extraordinary relief of a restraining order must be prepared to establish that: 1) there is a high likelihood of success on the merits of the claim; 2) immediate and irreparable harm will result without injunctive relief; 3) there is no adequate remedy at law; and 4) taking into account the public interest, the balancing of the equities favors the granting of the restraining order. *See* Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 66 F.Supp.2d 317, 326 (D.R.I. 1999). Under the circumstances here, the Plaintiff has little likelihood of success on the merits of his claim because W.B. does not present a substantial likelihood of injury to himself or others. Furthermore, the Plaintiff cannot establish that W.B.'s continued presence in school will result in immediate and irreparable harm, nor can Plaintiff establish that a balancing of the equities would require that W.B. be kept out of school.

It has long been that the IDEA forbids the issuance of injunctive relief permitting a school to remove a child in excess of ten (10) days cumulative unless that child's presence in the school is "substantially likely" to result in injury. *See* Honig v. Doe, 484 U.S. at 328. The burden of proving this substantial likelihood of injury is on the school department seeking to exclude the student. *See id.* In order to establish this substantial likelihood of injury, the school department must show that injury threatened is significant, and is reasonably likely to occur. *See* Clinton County R-III School District v. C.J.K., 896 F.Supp. 948 (W.D. Mo. 1995). Additionally, courts have demanded that the school department establish that it has made reasonable efforts to accommodate the child's disabilities in order to minimize the risk of injury. *See* Light v. Parkway C-2 School District, 41 F.3d 1223, 1228 (8th Cir. 1994); School Board of Pinellas County, Florida v. J.M., 957 F.Supp. 1252 (M.D. Fla. 1997).

Under the circumstances presented here, it cannot be established that W.B. is substantially likely to be a danger to others. W.B. has been a student at Burrillville Middle School for approximately three years. W.B. certainly has a history of disruptive behavior. Merely disruptive behavior, however, does not entitle the Burrillville School Department to injunctive relief. *See* Clinton County, 896 F.Supp. at 949. However, with the exception of one fight taking place two years ago, W.B.'s behavioral record has never included violence. At no time has he ever injured anybody. While he may have used language indicating that he would "get" the assistant principal or others at some point, W.B. has yet to put his words into action. Instead, the Affidavits show that when he becomes agitated or frustrated, W.B. hits metal lockers and concrete walls, sometimes to the point where his teachers believe he may have injured his hand, but W.B. does not strike the people who are the target of his annoyance.

Much has also been made in the Complaint and supporting affidavits that W.B. has indicated that he has access to guns in the house. An examination of the supporting affidavit demonstrates that W.B.'s remark was taken entirely out of context. W.B.'s remark about having guns in the house was made during a class presentation on gun safety *last year*. (See Affidavit of Donna L. Roderick.) Contrary to the allegations made in the Complaint,[1] nobody has witnessed him threatening to use them. In any case, W.B.'s father keeps the guns secured, with the actual guns in one safe in the ammunition in the other. W.B. does not have access to either safe. (See Affidavit of William and Judith Barbrie.)

The Burrillville School Department's assertions that W.B. is a danger to the school, then, appear to be exaggerated. In any case, the Verified Complaint and supporting affidavit are completely devoid of any suggestion that the Burrillville School Department has taken any steps to minimize the risk of injury. For example, the Affidavits attempt to assert that because W.B. has been observed using his thumb and index finger to mimic a hand gun, point it to his head, and say that he is going to kill himself. The School Department attempts to use this allegation to support a claim that W.B. is a danger to himself, and therefore must be excluded from school. Even if these allegations were true, the Burrillville School Department has apparently yet to have taken any steps to discover whether W.B. harbors true suicidal idealization, or is merely being dramatic. For that matter, the Burrillville School Department does not appear to have investigated other means to assist W.B. in dealing with the more disruptive effects of his disability.

Because the Burrillville School Department cannot establish that W.B. is substantially likely to cause a danger to the school, and that it has taken steps to minimize the risk of W.B.'s

[1] Said Complaint was verified by the Superintendent of Schools, who would in all likelihood have had no

remaining in school, then it is difficult to fathom what, if any, immediate and irreparable harm would be caused by W.B.'s remaining in school. Furthermore, the balance of the equities must weigh in favor of permitting W.B. to remain in school. The strong public policy enunciated by the IDEA requires us to make every presumption in favor of permitting the child to remain in his current educational placement. *See* Texas City Independent School District v. Jorstad, 752 F.Supp. 231, 233 (S.D. Tex. 1990). The IDEA also mandates that a child be educated with his or her non-disabled peers to the fullest extent possible. *See* Oberti v. Board of Education, 995 F.2d 1204, 1214 (3rd Cir. 1993). For that reason, it is not, as the School Department claims, sufficient to offer tutoring services in order to mitigate the harm being done to W.B. by interrupting his education at this point.

The Burrillville School Department, then, cannot establish an entitlement to injunctive relief at this time. Simply put, while W.B.'s behavior may be occasionally disruptive and challenging, it does not present a substantial likelihood of harm. The Burrillville School Department in any case does not appear to have taken any proactive measures to deal with a set of behaviors that it has already acknowledged to be a manifestation of W.B.'s disability. For that reason, the Burrillville School Department should not be permitted to deny W.B. educational services in his current placement at this time.

## III. CONCLUSION

For the above-referenced reasons, Plaintiff's Application for Restraining Order should be DENIED.

---

opportunity to observe W.B.'s behavior at firsthand.

**CERTIFICATION**

I, the undersigned, hereby certify that on 3/7/05 I sent a true copy of the within by fax to all of the parties below:

Andrew Henneous, Esq.
Brennan, Recupero, Cascione,
Scungio, & McAllister L.L.P.
362 Broadway
Providence, RI 02909

John Carroll